# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-984V
### Filed: January 10, 2025

|  |  |
|---|---|
| JILLIAN C. BECCIA,<br><br>            Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | Special Master Horner |

*Scott William Rooney, Nemes, Rooney, P.C., Farmington Hills, MI,* for petitioner.
*Julianna Rose Kober, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On February 23, 2021, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2] (ECF No. 1.) Petitioner alleged that she suffered Still's Disease as a result of her February 17, 2018 influenza ("flu") vaccination. (*Id.*) On June 18, 2024, petitioner moved for an award of interim attorneys' fees and costs totaling $42,278.20, including $39,672.50 in attorneys' fees and $2,605.70 in attorneys' costs.[3] (ECF No. 70.) Respondent filed his response on June 18, 2024, deferring to the special master

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

[3] The costs requested within petitioner's motion are limited to the court's filing fee, $3.70 for legal research, and $2,200 in expert costs. (ECF No. 70, pp. 15-18.) Although petitioner filed two reports by Dr. Axelrod (ECF No. 50, 60; Exs. 23, 24), only one invoice reflecting 5.5 hours of work performed by Dr. Axelrod on June 8 and 9 of 2023 was included in the motion. (*Id.* at 18.)

with respect to the appropriateness and amount of any interim award.  (ECF No. 71.)  Petitioner filed a reply on August 21, 2024, stressing respondent's lack of objection.  (ECF No. 72.)  For the reasons discussed below, petitioner's motion is GRANTED, and interim attorneys' fees and costs are awarded in the requested amount.

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  § 300aa-15(e)(1)(A)-(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera ex rel. Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  In this case, respondent does not dispute this petition had a reasonable basis, instead deferring to the special master on that point.  (ECF No. 71, p. 2.)  In a prior Rule 5 Order, I explained that petitioner's showing to date, supported by expert opinion, has been sufficient that an entitlement hearing is appropriate.  (ECF No. 65.)

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1374-75 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352.  In *Avera*, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d at 1352.  In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375.  Here, an award interim attorneys' fees and costs is appropriate given the length of time this case has been pending, the amount at issue, and the fact that resolution is not imminent given the upcoming entitlement hearing.  Respondent does not object, instead deferring to the special master with respect to whether an award of interim attorneys' fees is appropriate.  (ECF No. 71, p. 2.)

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton ex rel. v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1347-48.  This is a two-step process.  *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id*. (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id*. at 1348.

Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin ex rel. Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-

18 (2008). Such applications should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Attorneys' costs must be reasonable as well. *See Perreira ex rel. Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

The undersigned has reviewed the attorney billing records submitted with petitioner's request. (ECF No. 70.) There is no cause to reason to reduce the hourly rates requested, the hours billed, or the requested costs. (*Id*.)

**Accordingly, petitioner is awarded interim attorney's fees and costs in the total amount of $42,278.20 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.